IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

IN RE:
DENISE L. EVANS                                              BK 07-72142-CMS-13

PREMIER PROPERTIES, INC.,
BILL EVANS REAL ESTATE
COMPANY INC., O. WILLIAM
EVANS AND DENISE L. EVANS,

    Plaintiffs,                                              AP 08-70003-CMS

v.

REGIONS BANK, for itself and as
Successor in interest to AmSouth Bank,
and FICTITIOUS PARTIES A, B, C,
D, E & F,

    Defendants.

## MEMORANDUM OF DECISION

    The above styled adversary proceeding originally arose in Chilton County Circuit Court and was removed to the bankruptcy court by Regions Bank. The matter currently before the court is a motion for partial summary judgment filed by the Plaintiff, Premier Properties, Inc. (AP Doc. 13). The motion asserts that Regions Bank's foreclosure on real property of Premier Properties should be declared void due to Regions Bank's failure to comply with Alabama Code § 6-8-66 (1975). Premier Properties filed its brief and exhibits (AP Doc. 22) in support of its motion for summary judgment. Regions Bank filed responses to the motion (AP Docs. 20 and 23) which incorporated by reference exhibits to its motion for summary judgment included within AP Doc. 4.

1

The parties appeared before the court on March 13, 2008, and made oral arguments in support of and in opposition to said Motion. The court has reviewed the record and argument of counsel in the context of applicable law, and finds that the Motion is due to be **DENIED**.

**FINDING OF FACT**

This dispute arises out of a foreclosure sale conducted by Regions Bank (Regions) on a piece of property owned by Premier Properties, Inc. (Premier Properties) which is located in Chilton County and is referred to by the parties as the farm property. The debtor Denise Evans was a personal guarantor on this debt. Also liable on this debt was Bill Evans Real Estate Company, Inc. and the debtor's husband, William (Bill) Evans. Denise Evans was president of Bill Evans Real Estate Company, Inc. and Premier Properties. (AP Doc. 4, Exhibit G2)

The foreclosure sale on the farm property was conducted on August 2, 2007. Premier Properties, in its motion for partial summary judgment, alleges that Regions failed to comply with Alabama Code § 6-8-66 and therefore the foreclosure sale is void. Regions, in response, produced documents indicating that Premier Properties, through its president Denise Evans and its attorney, had actual notice of the scheduled foreclosure sale. (AP Doc. 20, Exhibit D; AP Doc. 4, Exhibits A and B) Exhibit D to AP Doc. 20 is a copy of email exchange between Regions' attorney and Mrs. Evans on July 9, 2007. This email advised Mrs. Evans that Regions was going to publish notice for the sale of the Property on July 11, 18, and 25, and that the sale would occur on August 2, 2007. Mrs. Evans responded that same date to the email. Mrs. Evans also filed a previous bankruptcy petition in an attempt to stop the foreclosure. (AP Doc. 16) Since the property being foreclosed upon was the property of Premier Properties and not Mrs. Evans, the filing of the bankruptcy petition did not prevent the foreclosure sale going forward.

2

The farm property was sold at the foreclosure sale for $100,000.00, leaving a significant deficiency balance for which Mrs. Evans and the other parties are liable.

## JURISDICTION

This court has jurisdiction of Denise L. Evans' Chapter 13 Bankruptcy case pursuant to 28 U.S.C. § 1334(a). The court has jurisdiction of this contested matter, a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2) and 1334(b). Further, the court has jurisdiction of this matter, it having properly been removed pursuant to 28 U.S.C. §§1441 and 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure. Jurisdiction is delegated by the Standing Order of Reference of the United States District Court, Northern District of Alabama.

## CONCLUSIONS OF LAW

Premier Properties moves that Regions' foreclosure of the Property be declared void because Regions failed to provide it with copies of the newspapers containing the foreclosure advertisement. Premier Properties argues that Alabama Code § 6-8-66 is a requirement necessary for a proper foreclosure. Regions argues that as long as the requirements of Alabama Code § 35-10-11, *et seq.*, are met, the foreclosure is valid.[1]

Section 6-8-66 states the following:

> The publisher or manager of the newspaper must send to the officer or person making the advertisement a copy of each issue of the paper containing it, and a copy of such paper must be sent by mail to the person to whom the notice is directed, if his post office address can be ascertained, by the officer or person making the advertisement, such copy to be furnished by the publisher or manager of the newspaper in addition to the copy of each issue required in this section to be furnished.

---

[1] Since Alabama Code Section 6-8-66 does not say when a copy of the newspaper must be furnished, Regions furnished Premier Properties a copy of the newspaper after Premier filed this motion for summary judgment (Doc. #20, Exhibit A)

3

Ala. Code § 6-8-66 (1975).

Premier Properties asserts that a violation of § 6-8-66 would make any foreclosure sale void without further evidence. Premier Properties failed to provide this court with any case in which a court found a foreclosure void solely due to a failure to comply with § 6-8-66. It does point to a case in which a Madison County Circuit Court found a foreclosure sale void because, *inter alta*, "notice was not provided to movants regarding the foreclosure sale as required by Section 6-8-66, Ala. Code (1975), **nor did movants receive any form of actual notice**." EB Investments, LLC v. Atlantis Development, Inc., et al., 930 So. 2d 502, 505 (Ala. 2005) (emphasis added). The Madison County Circuit Court decision was not based solely on the failure to abide by § 6-8-66; it was also based on the fact that the movants in said case did not receive actual notice of the foreclosure. The Supreme Court of Alabama did not discuss § 6-8-66 in arriving at its conclusion that the case should be reversed.

Also included in Chapter 8 of Title 6 of the Code of Alabama is § 6-8-69, which governs postponement of sales and provides:

> Whenever it becomes necessary to postpone any sale that has been advertised to occur on a certain day, the same may be postponed by the auctioneer or attorney announcing, at the time set for sale, the date to which said sale is postponed; and the original notice shall be published once again, with a statement at the bottom that said sale has been postponed and the date when it will occur.

In the case of Hogan v. Carter, 431 So.2d 1160 (Ala. 1983) a sheriff's sale was originally scheduled for Monday, April 23rd. However, that Monday was a legal holiday. The sheriff announced to those appearing at the sale that the sale would be continued to the following day. The appellant argued that the sheriff should have published a postponement notice pursuant to § 6-8-69.

4

The Supreme Court held that "[t]his Court has held that procedural irregularities alone are not enough to invalidate the sale." Hogan at 1163.

Chapter 8 of Title 6 is captioned MISCELLANEOUS PROCEDURE and Article 1 deals with Partition Actions; Article 2 deals with Funds Due Foreign Residents; Article 3 deals with Abstracts for Judicial Sales; Article 4 deals with Notices and Hours of Sale; Article 5 deals with Counterclaims; and Article 6 deals with Trials. Chapter 10 of Title 35 is captioned MORTGAGES. Article 1 deals with Powers Contained in Mortgages; Article 1A deals with Foreclosure By Power of Sale For Mortgages Executed After December 31, 1988; Article 2 deals with Satisfaction of Mortgage Liens; and Article 3 deals with Deeds in Lieu of Foreclosure. Clearly Chapter 10 of Section 35 specifically deals with the issue at hand in this case, a mortgage executed after December 31, 1988. In 1927, the Supreme Court of Alabama in Hall v. Noble, 215 Ala. 444, 111 So. 14, 15 (Ala. 1927) in discussing the predecessors to these code sections, stated "Section 9258, found in the chapter of the Code relating to 'Notices and Hours of Sale,' has to do with notices to be inserted in newspapers by public officials in the discharge of public duty, as have most of the other sections collected under that chapter heading, whereas, Section 9012 governs cases of sales for the foreclosure of mortgages or deeds of trust which contain no power of sale and was intended to provide a remedy by sale in such cases without impairing the previously existing right to foreclose in a court having jurisdiction of the subject-matter. The foreclosure in the present case was by bill in equity, and to it section 9012 had no relation. The chancellor correctly followed the provision of section 9258."

Former Section 9258 is now Title 6-8-61, governing the length of publications when one is not otherwise provided. Former Section 9012 is now Title 35-10-3, providing for foreclosures when

5

the mortgage instrument contains no power of sale.

Regions asserts that the notice it is required to give under Alabama law to foreclose its mortgage is governed by Alabama Code § 35-10-8. See Bullock v. Bishop, 435 So. 2d 24, 26 (Ala. 1983).

**§ 35-10-8. How notice of sale given.**

> Notice of said sale shall be given in the manner provided in such mortgage or deed of trust or in this Code in the county where the mortgagor resides and the land, or a part thereof, is located; but, if said mortgagor does not reside in the county where the land or any part thereof is located, then such notice must be published in the county where said land, or any material part thereof, is located; provided, that notice of all sales under powers of sale contained in mortgages and deeds of trust executed after July 1, 1936, where the amount secured is $500.00 or more, shall be given by publication once a week for three successive weeks in some newspaper published in the county in which such land or any portion thereof is situated, and said notice of sale must give the time, place and terms of said sale, together with a description of the property of be sold. (Emphasis added)

Section 35-10-13, which is derived from parts of §§ 35-10-6 and 35-10-8, gives the minimum standards for giving notice of a sale:

**§ 35-10-13. Notice of sale; minimum standards**.

> Notice of said sale shall be given in the county where said land is located. Notice of all sales under this article shall be given by publication once a week for three successive weeks in a newspaper published in the county or counties in which such land is located. If there is land under the mortgage in more than one county the publication is to be made in all counties where the land is located. The notice of sale must give the time, place and terms of said sale, together with a description of the property.
> If no newspaper is published in the county where the lands are located, the notice shall be placed in a newspaper published in an adjoining county. The notice shall be published in said adjoining county for three successive weeks.

The purpose of the minimum standard statute and similar provisions is to give notice to the mortgagor that the foreclosure is going to occur. Regions has submitted evidence that it met the

6

requirement of § 35-10-13. This is a motion for summary judgment and Premier Properties, as the moving party, has the burden of showing that there are no genuine issues of material facts that should be decided at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548 (1986); Clark v. Coats & Clark, Inc., 929 F.2d 604 (11th Cir. 1991). In determining whether or not the movant has met its burden of proof, the court must draw all reasonable inferences in favor of the non-moving party. Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 148, 120 S. Ct. 2097 (2000).

In its opposition to Premier Properties' motion for summary judgment, Regions presented documents evidencing notice was provided to Premier Properties of the impending foreclosure sale (AP Doc. 20, Exhibit D; AP Doc. 4, Exhibits A and B). As long as the mortgagee follows the requirements of § 35-10-13, it is deemed that the mortgagor has constructive notice of the foreclosure. Construing the facts in favor of the non-moving party, Regions met the requirements of §35-10-13 and provided Premier Properties with actual notice of the foreclosure.

As the Supreme Court of Alabama has held, "to close one's eyes to facts and circumstances reasonably apparent to the ordinary person does not relieve one of the responsibility of what the facts would have revealed if the inquiry they inspired had been made." Redman, et al. v. Federal Home Loan Mortgage Corporation, et al., 765 So. 2d 630, 634 (Ala. 1999), rehearing denied. (finding that plaintiff has sufficient notice of default and foreclosure sale when mortgage company complied with § 35-10-13 and sent letters of default to plaintiff's address). Under the facts presented in opposition to the motion for summary judgment, Premier Properties had knowledge of the foreclosure on the Property. Premier Properties learned of the foreclosure before the sale occurred, during the negotiations with Regions. Premier Properties knew of the foreclosure or should have known of it because it was "reasonably apparent to the ordinary person." See Redman v. Federal Home Loan,

7

765 So. 2d at 634. Because the purpose of these statutes is to provide notice, Premier Properties cannot argue that it did not receive notice of the foreclosure because it did not receive a copy of the newspaper, when it had actual notice of the foreclosure.

## CONCLUSION

The failure of Regions to provide Premier Properties with copies of newspapers that the foreclosure notice was published in does not void the sale. Construing the facts in favor of the non-moving party, Regions, the court finds that Premier Properties knew about the foreclosure sale of the Property before the sale was conducted and took steps to prevent said foreclosure based upon that knowledge. Therefore, the motion for summary judgment is **DENIED**.

An Order, consistent with these findings of fact and conclusions of law, pursuant to Fed. R. Bank. P. 7052, will be entered separately.

**DONE and ORDERED** this June 6, 2008.

/s/ C. Michael Stilson
C. Michael Stilson
United States Bankruptcy Judge
