IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

IN RE:

DENISE L. EVANS,

    Debtor.

Case No. 08-71204-CMS-7

PREMIER PROPERTIES, INC., BILL
EVANS REAL ESTATE COMPANY INC.,
O. WILLIAM EVANS, DENISE L. EVANS,
and PREMIER CAPITAL, LLC,

    Plaintiffs,

v.

AP No. 08-70003

REGIONS BANK, for itself and as Successor
in interest to AmSouth Bank and
FICTITIOUS PARTIES A, B, C, D, E & F,

    Defendants.

## MEMORANDUM OF DECISION

This adversary proceeding came before the court February 26, 2009, for hearing on the Motion to Strike Jury Demand ("Motion") filed by Regions Bank ("Defendant") and the Opposition to Motion to Strike Jury Demand filed by Denise L. Evans, O. William Evans, Bill Evans Real Estate Company Inc., and Premier Properties Inc. (collectively the "Plaintiffs"). Robert W. Tapscott Jr. and Jaime L. Haggard appeared on behalf of Defendant. Stephen D. Heninger appeared on behalf of Plaintiffs. After consideration of the record, the arguments of counsel and the briefs submitted by the parties, this court **GRANTS** the Motion to Strike Jury Demand and **OVERRULES** the Plaintiffs' Opposition to Defendant's Motion to Strike.

1

## JURISDICTION

The Bankruptcy Court has jurisdiction of this case pursuant to 28 U.S.C. § 1334(a). This court has jurisdiction of this issue, a related bankruptcy proceeding, pursuant to 28 U.S.C. § 1334(b). Jurisdiction is referred to the bankruptcy courts by the General Order of Reference of the United States District Courts for the Northern District of Alabama, Signed July 16, 1984, As Amended July 17, 1984.

## FINDINGS OF FACT

The complaint made the subject of this adversary proceeding was originally filed on August 21, 2007, in the Circuit Court of Chilton County ("State Court Action") by Premier Properties, Inc. ("Premier Properties"). No jury demand was made at that time. On November 29, 2007, an amended complaint was filed in the Circuit Court which added Bill Evans Real Estate Company, Inc. ("BERECO"), O. William Evans, and Denise L. Evans as plaintiffs and which also contained a demand for a jury trial. (AP Doc. 1). The Amended Complaint seeks to set aside a foreclosure sale conducted by the Defendant upon farm property in Chilton County ("the Farm") owned by plaintiff Premier Properties, Inc. Defendant foreclosed upon a $100,000.00 mortgage on the Farm and such foreclosure was made subject to two mortgages also held by Defendant. O. William Evans owns 50% of the stock in Premier Properties, Inc. and Denise L. Evans owns the other 50%. Both O. William Evans and Denise L. Evans have law degrees and are instructors at the University of Alabama in Tuscaloosa. In addition, they have written about and have been involved in real estate transactions in the past.

On November 30, 2007, plaintiff Denise L. Evans filed a voluntary Chapter 13 petition pursuant to the bankruptcy code, (Bk. Doc. 1), and on January 9, 2008, the State Court Action was

2

removed to this court. (AP Doc. 1). Before discovery was completed and before the removed State Court Action was set for trial Defendant filed a Motion to Strike Jury Demand on February 2, 2009. (AP Doc. 95). Defendant argues that the jury demand should be stricken from the Amended Complaint because the right to a jury trial was waived by the Plaintiffs pursuant to multiple contractual agreements entered into before the filing of the State Court Action. (AP Doc. 95). Such contracts are attached as exhibits to the Defendant's Motion to Strike. (AP Doc. 95, Exhibits).

Exhibit A is a Renewal and Extension Agreement entered into on November 17, 2003 in which AmSouth Bank agreed to extend the Plaintiffs' commercial construction loan. The Renewal and Extension contains a waiver of jury trial in paragraph 23, which is on page 12 of 17. The waiver is in all caps and reads as follows:

> 23. **_WAIVER OF JURY TRIAL_**. OBLIGORS AND LENDER HEREBY EXPRESSLY WAIVE ANY RIGHT THEY MAY HAVE TO A TRIAL BY JURY IN ANY LAWSUIT OR OTHER COURT ACTION RELATED TO THE LOANS, THIS AGREEMENT, ANY OF THE LOAN DOCUMENTS OR ANY TRANSACTION CONTEMPLATED HEREBY OR THEREBY, INCLUDING, WITHOUT LIMITATION, IN RESPECT TO ANY CLAIM, COUNTERCLAIM, THIRD-PARTY CLAIM, DEFENSE, OR SET-OFF ASSERTED IN ANY SUCH LAWSUIT OR COURT ACTION. ANY SUCH LAWSUIT OR COURT ACTION SHALL BE TRIED EXCLUSIVELY TO A COURT WITHOUT A JURY. OBLIGORS SPECIFICALLY ACKNOWLEDGE THAT THEIR EXECUTION OF THIS WAIVER OF JURY TRIAL IS A MATERIAL PORTION OF THE CONSIDERATION RECEIVED BY LENDER IN EXCHANGE FOR ITS ENTERING INTO THIS AGREEMENT.

All of the Plaintiffs signed the Renewal and Extension Agreement.

Exhibit B is the First Amended Renewal and Extension Agreement entered into on August 4, 2004, which amended the Renewal and Extension Agreement entered into on November 17, 2003. The First Amended Renewal and Extension Agreement contains a waiver of jury trial that is identical to the one contained in the Renewal and Extension Agreement. The waiver appears in paragraph 23

3

on page 12 of 17 in the First Amended Renewal and Extension Agreement. All Plaintiffs signed the First Amended Renewal and Extension Agreement.

Exhibit C is the Second Amended Renewal and Extension Agreement entered into on December 22, 2004, which amended the Renewal and Extension Agreement entered into on November 17, 2003, as well as the First Amended Renewal and Extension Agreement entered into on August 4, 2004. The Second Amended Renewal and Extension Agreement contains a waiver of jury trial that is identical to the one contained in the Renewal and Extension Agreement and the First Amended Renewal and Extension Agreement. The waiver appears in paragraph 23 on page 12 of 15 in the Second Amended Renewal and Extension Agreement. All Plaintiffs signed the Second Amended Renewal and Extension Agreement.

Exhibit D is the Third Amended Renewal and Extension Agreement entered into on June 28, 2005, which amended the Renewal and Extension Agreement entered into on November 17, 2003, as well as the First Amended Renewal and Extension Agreement entered into on August 4, 2004 and the Second Amended Renewal and Extension Agreement entered into on November 17, 2003. The Third Amended Renewal and Extension Agreement contains a waiver of jury trial that is identical to the one contained in the Renewal and Extension Agreement, the First Amended Renewal and Extension Agreement, and the Second Amended Renewal and Extension Agreement. The waiver appears in paragraph 22 on page 12 of 17 in the Third Amended Renewal and Extension Agreement. All Plaintiffs signed the Third Amended Renewal and Extension Agreement.

Exhibit E is the Forbearance Agreement entered into on December 20, 2005, in which AmSouth agreed to forbear the Plaintiffs' commercial construction loan. A waiver of jury trial identical to the waiver contained in the Renewal and Extension Agreement, the First Amended

4

Renewal and Extension Agreement, the Second Amended Renewal and Extension Agreement, and the Third Amended Renewal and Extension Agreement. The waiver appears in paragraph 24 on page 14 of 18.

Exhibit F is the First Amendment to Forbearance Agreement entered into on June \_\_\_, 2006 which amended the Forbearance Agreement entered into on December 20, 2005. No waiver of jury trial was contained in the First Amendment to Forbearance Agreement, but on page 1, paragraph numbered 1 provides "Effect of Amendment. Unless expressly amended hereby, all terms and conditions of the Agreement shall remain in full force and effect and are incorporated by reference herein..." Nothing in the amendment changes the jury waiver.

Exhibit G is the Second Amendment to Forbearance Agreement entered into on October 25, 2006 which amended the Forbearance Agreement entered into on December 20, 2005, and the First Amendment to Forbearance Agreement entered into on June \_\_\_, 2006. No waiver of jury trial was contained in the Second Amendment to Forbearance Agreement, but paragraph numbered 1, page 2 provides "unless expressly amended hereby, all terms and conditions of the Agreement shall remain of full force and effect, are hereby ratified and reaffirmed, and are incorporated by reference herein..."

Exhibit H is the Third Amendment to Forbearance Agreement entered into on January 1, 2007, which amended the Forbearance Agreement entered into on December 20, 2005, and the First Amendment to Forbearance Agreement entered into on June \_\_\_, 2006, as well as the Second Amendment to Forbearance Agreement entered into on October 25, 2006 . No waiver of jury trial was contained in the Third Amendment to Forbearance Agreement, but paragraph numbered 1, page 2 provides "unless expressly amended hereby, all terms and conditions of the Agreement shall

remain of full force and effect, are hereby ratified and reaffirmed, and are incorporated by reference herein..."

Plaintiffs argue that the jury demand should not be stricken because: (1) the waiver of jury trial is not enforceable; (2) the waiver of jury trial does not apply to the removed State Court Action; and (3) the Defendant waived its objection to the jury demand contained in the amended complaint because Defendant has invoked the litigation process.

## CONCLUSIONS OF LAW

This court will first address the Plaintiffs' assertion that Defendant waived its objection to the Plaintiffs' jury demand because Defendant invoked the litigation process in the State Court Action.[1] The invocation of litigation doctrine is most commonly seen in the arbitration context, where a plaintiff will assert that a defendant has waived its right to compel arbitration because such defendant has invoked the litigation process. See, e.g., Ex parte Merrill Lynch, Pierce, Fenner & Smith, Inc., 494 So. 2d 1, 3 (Ala. 1986). Therefore, this court will look to Alabama arbitration cases to determine whether the doctrine applies in the instant case.[2] The Alabama cases make it clear that a party must make a showing of prejudice before invocation of the litigation process will constitute a waiver of a defendant's right to compel arbitration. Id. at 3 ("Even if the Court assumes that there was invocation of the litigation process by the defendants, a finding of waiver cannot be made absent a showing of prejudice to the party opposing arbitration."); Allied-Bruce Terminix Companies, Inc.

---

[1] If the Defendant waived its objection to the jury demand contained in the Amended Complaint, the court need not address whether the waivers of jury trial contained in the numerous extensions and renewals are enforceable and applicable in the removed State Court Action.

[2] Alabama law controls in this situation because this is a cause of action brought pursuant to Alabama law.

6

v. Dobson, 684 So. 2d 102, 109 (Ala. 1995) ("'Substantial invocation of the litigation process' is a factor that may tend to show that a party has waived the right to arbitrate. . . That factor, however, must be accompanied by a showing that the party opposing arbitration has been prejudiced by the other party's participation in the litigation."). Therefore, in the instant case, the Plaintiffs must show that they were prejudiced by the Defendant's alleged invocation of the litigation process before the court may find that the Defendant waived its objection to the jury demand contained in the Plaintiffs' Amended Complaint. The court finds that the Plaintiffs have not made such a showing of prejudice in this case because the Defendant's delay in objecting to the Plaintiffs' jury demand has not changed the course of this adversary proceeding in this court. As stated above, this case has not yet been set for trial,[3] and, in fact, discovery was just completed, as indicated by the various motions for summary judgment that were recently filed with this court. While this court is willing to accept that a jury trial might affect parties' strategy at trial, this court is not willing to accept, and has received no evidence from the Plaintiffs, that a jury trial would affect the discovery process. As such, since the discovery process was recently completed in this adversary proceeding, and since this court must rule on numerous motions for summary judgment before this case can be set for trial, the Plaintiffs have not shown that they were prejudiced by the delay in the Defendant's objection to the jury demand. Because the Plaintiffs have failed to show that they were prejudiced, the doctrine of invocation of the litigation process does not apply in this case and the Defendant did not waive its objection to the jury demand contained in the Plaintiffs' Amended Complaint.

---

[3] This court believes that a jury demand does not affect the course of a trial until it is time to impanel a jury. As this is generally done right before a trial is held, the fact that this case is not yet set for trial is an important factor in determining whether the Plaintiffs have been prejudiced.

7

The court will next address whether the waiver of jury trial contained in the various extensions and renewals applies to the causes of action the Plaintiffs brought against the Defendant in the Amended Complaint.[4] The waiver of jury trial provides that the Plaintiffs "[h]ereby expressly waive any right they may have to a trial by jury in any lawsuit or other court action <u>related to</u> the loans, this agreement, any of the loan documents or any transaction contemplated hereby or thereby . . . ." (emphasis added). The Amended Complaint contains the following counts:

(1) <u>Count I</u> of the Amended Complaint seeks to set aside the foreclosure of the Farm because the Defendant did not comply with statutory notice requirements.

(2) <u>Count II</u> seeks to set aside the foreclosure of the Farm due to fraud in the foreclosure notice published in the newspaper.

(3) <u>Count III</u> seeks to set aside the foreclosure of the Farm because of fraud, perversion of the power of sale, breach of trust and violation of the duties of fairness and good faith.

(4) <u>Court IV</u> seeks to set aside the foreclosure of the Farm because of inadequacy of price coupled with evidence of fraud, collusion and other irregularities.

(5) <u>Count V</u> seeks to set aside the foreclosure sale because the mortgages Regions foreclosed upon were satisfied prior to the foreclosure sale.

(6) <u>Count VI</u> seeks specific performance of a contract in which Plaintiffs allege Regions agreed to stop the foreclosure and all collection attempts if the Plaintiffs would hire an auctioneer acceptable to Regions, schedule an auction as soon as possible, and set a minimum bid price equal to Regions' anticipated credit bid.

---

[4]If the waiver of jury trial does not apply to the causes of action brought by the Plaintiffs in the Amended Complaint, then the court need not address whether the waiver of jury trial is enforceable.

8

(7) Count VII seeks a cancellation of all mortgage loans.

(8) Count VIII seeks a cancellation of all instruments, including the loan documents, forbearance agreements and cross-collateralization agreements.

(9) Count IX is a demand for a general accounting of the loan balances, fees and expenses related to the loans.

(10) Count X is a demand for an accounting as to legal fees incurred by Regions and charged to the balances owed on the loans.

(11) Count XI is a request for redemption.

(12) Count XII seeks a finding of the breach of the contract with Regions to stop the foreclosure sale and all collection proceedings.

(13) Count XIII is for conversion of personal property that was contained in the Farm.

(14) Count XIV is for conversion of monies.

(15) Count XV is for conversion of real property.

(16) Count XVI is for fraud.

(17) Count XVII is for waste.

(18) Count XVIII is for slander of title.

(19) Count XXII, the final count, is for outrage and intentional infliction of emotional distress.

The following counts are clearly related to the loans because they seek to enforce rights allowed by the loan documents or seek a determination by this court that certain actions taken by Regions pursuant to the loan documents were not proper: Count VII, for cancellation of the loan documents; Count VIII for cancellation of all instruments; Count XI, for demand of a general accounting of the loan balances, fees and expenses related to the loans; Count X, a demand for an

9

accounting as to legal fees incurred by Regions and charged to the balances owed on the loans; and Count XI, for conversion of monies. As such, the court finds that waiver of jury trial applies to such counts. The remaining counts all spring from the foreclosure sale of the Farm because none of these causes of action would exist in the absence of the foreclosure of the Farm by the Defendant. Therefore, this court must determine whether the foreclosure of the Farm is related to the various agreements entered into by the Plaintiffs and Defendant in order to determine whether the causes of action brought as a result of the foreclosure sale are related to such agreements. This court finds that the foreclosure sale is related to such agreements because "there can be nothing more 'relat[ed] to' a financial transaction than the efforts a party takes to collect a debt created as a part of that transaction." Green Tree Financial Corp. v Shoemaker, 775 So. 2d 149, 151 (Ala. 2000) (holding that the torts of invasion of privacy and harassment brought by plaintiffs were related to an installment contract when such torts were allegedly committed during collection attempts by the defendant). See also Green Tree Financial Corp. of Alabama v. Vintson, 753 So. 2d 497, (Ala. 1999) (holding that all of the plaintiffs claims-that defendant "fraudulently induced them to purchase a mobile home, that it violated the Alabama Mini-Code, and that it breached its agreement to pay off several preexisting debts-arise from or related to the installment contract"). Because all counts of the Amended Complaint relate to the various agreements entered into by the parties, this court finds that the waiver of jury trial applies to all of the causes of action brought against the Defendant in the State Court Action.

This court will now address whether the waiver of jury trial contained in the various agreements entered into by the parties is enforceable under Alabama law. Article I, § 11 of the Alabama Constitution of 1901 provides "[t]hat the right of trial by jury shall remain inviolate."

Const. of Ala. 1901 1, § 11.  In addition, Rule 38 of the Alabama Rules of Civil Procedure provides, in pertinent part, that: "The right of trial by jury as declared by the Constitution of Alabama or as given by a statute of this State shall be preserved to the parties inviolate."  Ala. R. Civ. P. 38(a). Despite the importance placed on the right to a jury trial by the Alabama Legislature, there is no prohibition on the waiver of a jury trial. In determining whether a waiver of a jury trial is enforceable, Alabama courts look at three factors: "whether the waiver is buried deep in a long contract; (2) whether the bargaining power of the parties is equal; and (3) whether the waiver was intelligently and knowingly made." Mall, Inc. v. Robbins, 412 So. 2d 1197, 1199 (Ala. 1982). See also Gaylord Department Stores of Alabama, Inc. v. Stephens, 404 So. 2d 586, 588 (Ala. 1981). Although the various extensions and renewals and forbearance agreements wherein the Plaintiffs waived their right to jury are lengthy, and the waiver of jury trial is towards the end of the contract, the title of the provision, ***WAIVER OF JURY TRIAL***, and the fact that the entire waiver is in all caps, calls attention to the jury waiver.  Therefore, the waiver of jury trial is not buried deep in the contract.  Robbins, 412 So. 2d at 1199 (stating that "since the section is titled so as to call attention to the waiver of jury trial in the lease, the waiver is not inconspicuously buried deep in the contract"). It also does not appear that the bargaining power of the parties is at issue here.[5]  O. William Evans and Denise L. Evans are both instructors at the University of Alabama in Tuscaloosa and both have law degrees.  They are business people who have taught, written about, and engaged in sophisticated real estate transactions.  In addition, the documents attached to the Motion evidence that certain terms were changed by the parties.  Therefore, this court finds that the parties did not have unequal

---

[5]This court believes that it is the parties' bargaining power in relation to the agreement as a whole, rather than as to waiver of jury trial itself, that governs in determining whether a waiver of jury trial is effective.

11

bargaining power to such an extent as to justify voiding the waiver of jury trial. Id. (finding that when both parties to lease were businessmen, and lessee owned six or seven grocery stores at the time the lease was entered into, "it cannot be said that the parties had unequal bargaining power"). Finally it appears to this court that the waiver was knowingly and intelligently made. The Evans' education and professional experience in real estate matters is noted above. As such, the Evans are aware of clauses that are typically found in real estate contracts, and this court has no evidence before it that they were not aware that these various documents they signed contained conspicuous waivers of jury trial. In addition, the Evans engaged in extensive negotiations with AmSouth, the predecessor in interest to Regions, over the course of their dealings with each other. The court has come to the conclusion that the Evans read the agreements with AmSouth very carefully, and that they were fully aware that the agreements they signed contained a waiver of a jury trial. Therefore, this court finds that the waivers of jury trial are enforceable under Alabama law.

## CONCLUSION

Because the waivers of jury trial are enforceable, the waivers of jury trial are broad enough to encompass the causes of action brought in the State Court Action, and the Defendant did not waive their right to object to the jury demand contained in the Amended Complaint, this court **GRANTS** the Motion to Strike Jury Demand and **OVERRULES** the Plaintiffs' Opposition to Defendant's Motion to Strike. A separate order consistent with these findings of facts and conclusions of law will be entered.

**DONE and ORDERED** this May 26, 2009.

/s/ C. Michael Stilson
C. Michael Stilson
United States Bankruptcy Judge